■ BURGER KING CORPORATION, Respondent, v 111 CEDAR STREET COMPANY, Appellant.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 29, 1992, which granted plaintiff's motion for summary judgment declaring plaintiff was not obligated to make sub-basement repairs on the leased premises, and denied defendant's cross-motion for summary judgment declaring plaintiff was obligated to make sidewalk repairs, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment and vacating the declaration of the parties' rights, and otherwise affirmed, without costs.

On the record before this Court, it appears that questions of fact exist both with respect to plaintiff's obligation to make repairs to the sub-basement as well as to the sidewalk adjoining the leased premises. This is so despite the fact that, as the IAS Court noted, the lease specifically excludes the sub-basement from the premises actually leased to plaintiff. Other, seemingly conflicting, provisions of the lease are not clear as to the intent of the parties with respect to repairs to the sub-basement, and therefore extrinsic evidence must be adduced in order to resolve this issue. Moreover, defendant's submission of an affidavit from an engineer who inspected the damaged area and concluded it was in a vault, which the lease obligated plaintiff to repair, was sufficient to defeat plaintiff's motion for summary judgment *(see, e.g., Zuckerman v City of New York,* 49 NY2d 557, 562).

Finally, although the lease does provide that plaintiff is responsible for sidewalk repairs, the issue of defendant's knowledge of such defects prior to plaintiff's assignment of the lease, and possible consequent estoppel from asserting such obligation, raises issues of fact which cannot be determined on a motion for summary judgment, and thus defendant's cross-

motion for summary judgment was properly denied. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.